By the Court.—Sedgwick, Ch. J.
—The action was for damages for the conversion of what were called in the *269 complaint, bonds. The instruments, seven in number, were in the form of bonds, signed and sealed by the proper officers of the plaintiff, but had not been delivered. While they were in this condition, the defendant, who was president of the plaintiff, loaned them to one Fellows. Fellows had subscribed for twenty-five of the same kind of bonds, had received them, but had not paid the price of them in full. The purpose of the loan was to enable Fellows to raise money with which to pay for the twenty-five bonds in full. This was conversion by the defendant. It was an appropriation by the defendant to himself of the property of the plaintiff.
It was claimed on the trial that the proof showed that the loan of the seven bonds to Fellows was authorized by the plaintiff in general powers that had been conferred by them on defendant, and also that this special transaction had been ratified by the plaintiff. There was no testimony tending to show any ratification. As to the claim of authority under general power, it is not necessary to ascertain what general powers the defendant had, for his powers as to bonds like those in question were the subject of specific authorization by resolution. That resolution conferred on him authority to sell at a certain price. There was no proof that this resolution had become in any way inoperative or unobserved by tacit consent. The loaning to Fellows was not a sale. It was not a transaction, the object of which was a return of money for the loan. It was solely for the benefit of Fellows, to enable him to pay the subscription price of the twenty-five bonds.
There was no error in the proceedings on the trial, and the court was right in directing a verdict for plaintiff.
Judgment affirmed, with costs.
Truax and Ingraham, JJ., concurred.